

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00396-CV

———————————————

IN THE INTEREST OF A.S., A CHILD

———

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-683676-20

———

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant P.J.S., proceeding pro se, attempts to appeal from the trial court's "Pretrial Docket Control Scheduling Order With Notice of Proceeding" (the Order).

Generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). We notified P.J.S. of our concern that we lacked jurisdiction over this appeal because the Order did not appear to be a final judgment or appealable interlocutory order. *See id.*; *Thomas v. Pugliese*, No. 02-17-00407-CV, 2017 WL 6616243, at *1 (Tex. App.—Fort Worth Dec. 21, 2017, no pet.) (per curiam) (mem. op.) (noting that "[a] scheduling order is not a final judgment or an appealable interlocutory order"). We informed him that unless he or any other party filed a response showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Although P.J.S. filed a response, it does not show grounds for continuing the appeal.[1]

Accordingly, we dismiss P.J.S.'s appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195, 200; *see also Thomas*, 2017 WL 6616243, at *1 (dismissing appeal of scheduling order for want of jurisdiction).

---

[1]As best as we can glean from his response and his notice of appeal, P.J.S. contends that subjecting himself to the jurisdiction of the trial court violates his religion; according to P.J.S., the underlying suit affecting the parent–child relationship should be "handled by [his] church in a religious tribunal."

/s/ Dana Womack

Dana Womack
Justice

Delivered:  August 6, 2026

3